# UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF NEW MEXICO

**FILED**

03 SEP 22 AM 11: 37

MICHAEL TRUELOVE,

    Petitioner,

v.                             **CIVIL NO. 98-1484 LH/DJS**

REED SMITH, Warden,

    Respondent.

## MAGISTRATE JUDGE'S AMENDED PROPOSED FINDINGS AND RECOMMENDED DISPOSITION[1]

1. THIS MATTER is a proceeding on a petition for a writ of *habeas corpus* pursuant to 28 U.S.C. §2254. Petitioner seeks to vacate the judgment and sentence entered in CR 95-500 and CR 96-479 in the Twelfth Judicial District, Otero County, of New Mexico. In those proceedings, Petitioner was convicted following a jury trial of two counts of Homicide by Vehicle and two counts of Great Bodily Injury by Vehicle. In addition, Petitioner entered a guilty plea and was convicted of one count of Failure to Appear. Petitioner was a sentenced to a term of imprisonment of eighteen years, to be followed by two years parole. Petitioner was the driver of a vehicle containing ten other passengers returning from Juarez, Mexico to Alamogordo, New Mexico in the early morning hours

---

[1] Within ten (10) days after a party is served with a copy of these proposed findings and recommendations, that party may, pursuant to 28 U.S.C. § 636(b)(1), file written objections to such proposed findings and recommendations. A party must file any objections within the ten-day period allowed if that party wants to have appellate review of the proposed findings and recommendations. If no objections are filed, no appellate review will be allowed.

of November 10, 1995. The vehicle rolled over, killing two of the passengers and severely injuring

two others. Testimony at trial showed that Petitioner was driving over the speed limit and passed

other vehicles by using the right shoulder area of the road. Witnesses outside the car testified that

Petitioner was attempting to pass another car or cars on the right shoulder at the time he rolled his

vehicle.

2.  This action was originally filed on December 12, 1998. On June 15, 1999, this Court

entered Proposed Findings and a Recommended Disposition that the matter be dismissed as untimely

pursuant to 28 U.S.C. §2244(d)(1). That disposition was adopted by the District Judge presiding over

the case and the action was dismissed. Petitioner appealed and, on June 4, 2001, the Tenth Circuit

Court of Appeals reversed the decision and remanded the petition for further proceedings.

Subsequently, this Court directed Respondent to file the Record Proper from Petitioner's conviction,

which was accomplished on December 5, 2001.

3. As construed by this Court, Petitioner challenges his conviction and sentence on eight

grounds. Petitioner's first ground for relief is that there was insufficient evidence presented at trial

to support his conviction. His second ground for relief is that he was denied due process and his right

to an appeal because the state court of appeals relied upon the log and summary of tape recordings

of the trial in deciding his direct appeal. Petitioner's third ground for relief is that he was denied

effective assistance of counsel. Petitioner's fourth round for relief is that he was denied compulsory

process to obtain witnesses to testify in his defense. As his fifth ground for relief, Petitioner asserts

that he was denied due process because his conviction was obtained by confessions coerced from

two of the witnesses at trial. His sixth ground for relief is that the trial court erred in allowing the

charges of great bodily injury by vehicle to go to the jury where there was no expert testimony

2

presented regarding the injuries suffered. Petitioner's seventh ground for relief is that insufficient evidence was presented at trial for the jury to find he had caused great bodily injury. Petitioner's final ground for relief is that his sentence constitutes cruel and unusual punishment.

4. 28 U.S.C. §2254(b)(1) and (c) require that a state prisoner seeking relief must exhaust state remedies before seeking to obtain relief in a federal *habeas* proceeding. See generally, Rose v. Lundy, 455 U.S. 509 (1982). Respondent originally asserted that Petitioner had not exhausted his state court remedies as to his claims that he was denied compulsory process to obtain witnesses, that his conviction was obtained by the use of coerced confessions, and that his sentence constitutes cruel and unusual punishment. Respondent filed a motion to dismiss the instant petition on the ground that it constitutes a mixed petition, arguing that Petitioner should be required to exhaust state court remedies as to all his claims. However, on December 19, 2001, Respondent filed a Supplement (Docket No. 29) to his Answer showing that Petitioner has exhausted his remedies as to these three claims by bringing a state *habeas* action asserting them during the pendency of the instant federal petition.

5. In examining the merits of Petitioner's claims, the Court views the arguments in light of the standard set forth in 28 U.S.C. §2254(d), which provides that:

> An application for writ of *habeas corpus*...shall not be granted with respect to any claim that was adjudicated on the merits in State court proceedings unless the adjudication of the claim—
> (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
> (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the state court proceeding.

This language means that if a state court ruled upon the merits of a *habeas* petitioner's claims, a

federal court may grant his petition only if the petitioner can establish that the state court arrived at a conclusion opposite to that reached by the Supreme Court on a question of law; decided the case differently than the Supreme Court has on a set of materially indistinguishable facts; or unreasonably applied the governing legal principle to the facts of the prisoner's case. Elliot v. Williams, 248 F.3d 1205, 1207 (10th Cir. 2001) (citing Williams v. Taylor, 529 U.S. 362 (2000). When reviewing a state court's application of federal law, federal courts are precluded from issuing the writ simply because they conclude in their independent judgment that the state court applied the law erroneously or incorrectly. Rather, the federal court must be convinced that the application was also objectively unreasonable. Id. In addition, a federal court "presume[s] the factual findings of the state court are correct unless petitioner can rebut this presumption by clear and convincing evidence." Smallwood v. Gibson, 191 F.3d 1257, 1265 (10th Cir. 1999) (citing § 2254(e)(1)).

## SUFFICIENCY OF THE EVIDENCE

6. Petitioner is not entitled to relief with regard to his claims that insufficient evidence was presented at trial to support his conviction. Petitioner asserts that insufficient evidence was presented at trial to support his convictions. In support of that assertion, Petitioner contends that evidence showing that he was not driving at a high rate of speed or attempting to pass on the shoulder was presented at trial. In reviewing a sufficiency of the evidence claim, a federal *habeas* court must determine whether, after reviewing the evidence in a light most favorable to the prosecution, any rational factfinder could have found the essential elements of the crime beyond a reasonable doubt. Cordoba v. Hanrahan, 910 F.2d 691, 694 (10th Cir. 1990). The merits of Petitioner's insufficient evidence claim were considered by the New Mexico Court of Appeals.

7. Petitioner cannot show that the decision of the New Mexico Court of Appeals' decision

4

is contrary to or an unreasonable application of clearly established federal law. The New Mexico Court of Appeals relied upon <u>State v. Duran</u>, 762 P.2d 890 (N.M. 1988) in finding that, in reviewing the sufficiency of the evidence, it should determine whether substantial evidence exists to support a guilty verdict beyond a reasonable doubt with respect to each essential element of the crime charged. That standard is not contrary to the standard set forth in <u>Cordoba</u>, *supra*. The New Mexico Court of Appeals then went on to examine the evidence presented at trial and apply it to the elements of the crimes of homicide with a vehicle and great bodily injury by vehicle. Answer, Exhibit F, pp. 2-4. Petitioner has not presented any evidence that the result was an unreasonable determination of the facts in light of the evidence presented at trial. He points to evidence indicating that he was not driving recklessly and challenges the fact that no medical expert testified to the extent of the victim's injuries. However, a sufficiency of the evidence claim cannot succeed on the basis of conflicting testimony, as it is the jury's duty to resolve conflicts in the evidence. <u>See</u> <u>Scrivner v. Tansy</u>, 68 F.3d 1234, 1239 (10th Cir. 1995) ("...it is the province of the jury to determine the credibility of witnesses.") <u>cert. denied</u> 516 U.S. 1178 (1996). Further, police officers and other witnesses testified as to the extent of the victim's injuries. Accordingly, Petitioner's first and ninth claims for relief must therefore be denied.

8. Petitioner asserts that he was denied due process by the New Mexico Court of Appeal's reliance upon the listing of witnesses and the summary of their testimony from a tape log, rather than a giving a ruling based upon a review of the actual record. In New Mexico trial courts, the record is frequently made by electronic recording of the proceedings, rather than by the use of a stenographer. The tapes of the trial have been obtained and reviewed as part of the record proper in the course of this §2254 proceeding. Nevertheless, Petitioner's claim is based upon an incorrect

5

reading of the New Mexico Court of Appeal's opinion. That Court stated "The record contains a detailed log of the testimony of the witnesses at trial. Our review of this log *and the record proper* indicates that the State presented sufficient evidence at trail for a jury to convict Defendant." Answer, Exhibit F, p. 2 (emphasis added). The New Mexico Court of Appeals then referred to "extensive police eye witness testimony" and "testimony of the seriously and permanently injured parties". Id. This indicates that the New Mexico Court of Appeals did in fact review both the log and the tape recordings of the trial. In any event, review of the record proper shows that Petitioner is not entitled to relief on his sufficiency of the evidence claims.

9. Petitioner's claim fails for another reason. There is no federal constitutional right to the appeal of a criminal conviction. Abney v. United States, 431 U.S. 651, 656 (1977). Consequently, no substantive Due Process right would have been infringed if the New Mexico Court of Appeals had refused to consider the record proper from the trial in ruling upon Petitioner's convictions. He might have a procedural due process claim if he could show that New Mexico law requires that appellate courts review the trial record at a particular level of detail. See Hatch v. Oklahoma, 58 F.3d 1447, 1460 (10th Cir. 1995) cert. denied 517 U.S. 1235 (1996). However, while the New Mexico Constitution guarantees a right to an appeal, N.M. Constitution, Art. VI, §2, state law does not require that appellate review include an examination of the actual record at trial. Accordingly, Petitioner was not denied Due Process by the New Mexico Court of Appeals review, whether that body listened to the tapes of the trial or not.

### INEFFECTIVE ASSISTANCE OF COUNSEL

10. Petitioner contends that he was afforded ineffective assistance of counsel. Petitioner claims that his attorney labored under a conflict of interest because he was running for district

6

attorney at the time he represented Petitioner. In addition, Petitioner claims his trial attorney failed to adequately investigate his case, including conducting an adequate investigation of the accident, an inspection of the vehicle for mechanical failure, questioning the highway patrol regarding possible mechanical failure of the accident, failure to review the grand jury proceedings to determine whether witnesses made conflicting statements, and failure to locate two witnesses. Beyond that, Petitioner asserts that his attorney was ineffective for failing to bring out at trial the fact that two witnesses were serving probation, for failing to seek a jury instruction on careless driving, for failing to bring out at trial that no traffic citations were issued, for failing to argue for concurrent sentences, for failing to send Petitioner a pre-sentence memorandum from the Parole Division, and for failing to make himself available to appellate counsel.

11.  To establish a claim of ineffective assistance of counsel, Petitioner must show both that his counsel's representation was deficient, measured against an objective standard of reasonableness, and that there is a reasonable probability that but for counsel's deficient performance, the result of the proceeding would have been different. Strickland v. Washington, 466 U.S. 668, 687, 688, 694, (1984). Petitioner "must overcome the presumption that, under the circumstances, the challenged action might be considered sound trial strategy." Id. at 689 (quotation omitted). Courts are instructed to "indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance" and that counsel's conduct was not the result of error or omission but derived instead from trial strategy. Id. "Judicial scrutiny of counsel's performance must be highly deferential." Id. A court may address the performance and prejudice components in any order and need not address both if a petitioner fails to make the requisite showing for one. See Cooks v. Ward, 165 F.3d 1283, 1292-93 (10th Cir.1998).

7

12. Petitioner fails to show prejudice from any of his counsel's alleged omissions. To prove that counsel was ineffective due to a conflict of interest, Petitioner must show an actual conflict of interest that adversely affected counsel's performance. United States v. Alvarez, 137 F.3d 1249, 1251 (10th Cir.1998). "To demonstrate an actual conflict of interest, the petitioner must be able to point to specific instances in the record which suggest an impairment or compromise of his interests for the benefit of another party." Id. at 1252 (quotation omitted). Plaintiff has failed to do anything more than allege prejudice and is therefore not entitled to relief on this claim.

13. With regard to the adequacy of counsel's investigation, Petitioner has also failed to indicate what facts further investigation of the accident would have uncovered. Petitioner's conclusory allegations that counsel was ineffective for failing to examine the car for mechanical failure and for failing to conduct a further inquiry into the circumstances of the events leading to the convictions are insufficient to demonstrate prejudice, as the Court is left to speculate as to what facts might have been uncovered and what effect they might have had on the trial. As to counsel's alleged failure to locate two key witnesses, when an ineffective assistance claim centers on a failure to investigate and elicit testimony from witnesses, Petitioner must "demonstrate, with some precision, the content of the testimony they would have given at trial." Lawrence v. Armontrout, 900 F.2d 127, 130 (8th Cir.1990) (quotation omitted). The lack of a specific, affirmative showing of any exculpatory evidence leaves Petitioner's claim short of the prejudice required by Strickland. See Patel v. United States, 19 F.3d 1231, 1237 (7th Cir.1994) (holding no prejudice to petitioner who failed to make specific, affirmative showing that absent witness's testimony would have affected outcome of trial); see also Foster v. Ward, 182 F.3d 1177, 1185 (10th Cir.1999) (concluding that defense counsel's failure to contact or investigate alibi witnesses insufficient to establish prejudice),

8

cert. denied, 529 U.S. 1027 (2000). Petitioner's claim that he was denied his Sixth Amendment right to compulsory process refers to two witnesses, Bobby Webster and Roan Larkin, whom he contends would have contradicted the testimony of state witnesses. Assuming that his ineffective assistance of counsel claim refers to the same two witnesses, that assertion falls short of establishing prejudice under the Strickland standard.

14. Trial counsel's failure to bring out the fact that two witnesses were on probation does not constitute ineffective assistance of counsel, as Petitioner has not shown how those facts were relevant to the testimony of the witnesses and has not even established that such evidence would have been admissible. Argument that no traffic citations were issued at the accident leading to Petitioner's charges would be unavailing, as Petitioner was charged with homicide following those events and any traffic citations would have represented frivolous or excess charges in light of that fact. Similarly, Petitioner cannot show how he was prejudiced by counsel's alleged failure to seek concurrent sentences. The trial court ran his sentence for failure to appear concurrently with his sentences for homicide and great bodily injury by vehicle. That fact indicates that the trial court was both aware of and considered the possibility of running sentences concurrently.

15. Petitioner asserts that if trial counsel had sent him the pre-sentence memorandum, he might have attended his sentencing. This Court finds that assertion insufficient to establish prejudice. Petitioner did not see fit to attend his sentencing and a bench warrant was issued for his arrest because of that failure. Record Proper, p. 209, Bench Warrant filed October 2, 1996, returned October 30, 1996. Petitioner pleaded no contest to the charge of failure to appear and was sentenced to eighteen months confinement on that charge, which sentence was run concurrently with his sentence for homicide and great bodily injury by vehicle. Answer, Exhibit A. The claim that

9

Petitioner would have attended his sentencing if he had a pre-sentence memorandum is not credible.

16. Petitioner's claim that his attorney should have sought a jury instruction for careless driving does not entitle him to relief, either. As noted by the New Mexico Court of Appeals, the jury was instructed on the meaning of reckless driving, and found that Petitioner's conduct rose to that level. Answer, Exhibit F, p. 3. New Mexico requires a higher level of culpability for reckless driving than for careless driving. See State v. Yarborough, 930 P.2d 131, 141 (N.M. 1996) (Explaining that careless driving requires only a showing of ordinary negligence, in contrast to the *mens rea* requirement for a conviction of homicide by vehicle). In New Mexico, that statute on careless driving states in part "Any person who operates a vehicle in a careless, inattentive or imprudent manner, without due regard for the width, grade, curves, corners, traffic, weather and road conditions and all other attendant circumstances is guilty of a misdemeanor." NMSA 1978 §66-8-114(B). Whereas the jury instruction for homicide by vehicle requires that "to find that the defendant was driving recklessly, [the jury] must find that he drove with willful disregard of the rights or safety of others and in a manner which endangered any person or property." NMRA 14-241 (1996) (criminal jury instruction on vehicular homicide). Given that the jury found Petitioner acted with willful disregard, giving them the option to find that he was merely careless or inattentive would not have changed the outcome of the trial. Further, most of the testimony at trial supported a finding of willful disregard, rather than mere carelessness or inattention.

## DENIAL OF COMPULSORY PROCESS

17. Petitioner asserts that two key witnesses were out of the country at the time of trial. He states that Bobby Webster was the front seat passenger in the accident and was serving in the army in Korea at the time of trial. Petitioner further asserts that Roan Larkin was also a passenger at the

time of the accident but was in Belgium at the time of trial. Petitioner contends that Webster and Larkin would have given testimony which conflicted with that of the prosecution's witnesses. To establish denial of the constitutional right to compulsory process or due process, a party must make some showing how the witness's testimony would have been both favorable and material to the defense. United States v. Valenzuela-Bernal, 458 U.S. 858, 867, 872 (1982). "[T]o establish a violation of the right to compulsory process, a fair trial or due process, a defendant must show a denial of fundamental fairness." Richmond v. Embry, 122 F.3d 866, 872 (10th Cir.1997), cert. denied, 522 U.S. 1122 (1998). "It is the materiality of the excluded evidence to the presentation of the defense that determines whether a petitioner has been deprived of a fundamentally fair trial." Id. (quotation omitted).

18. While Petitioner offers a minimal showing of the materiality of the testimony of Larkin and Webster, his perfunctory assertion falls far short of demonstrating a denial of fundamental fairness. Petitioner does not contend that the state interfered with his ability to obtain the witness' testimony or that it failed to take action on any subpoenas submitted by him. He does not contend that he was denied a continuance which would have enabled him to obtain the witnesses. Most importantly, Petitioner cannot show that the witnesses were available to testify or that the state could have compelled their attendance at trial if it tried. Both witnesses were disclosed by the state as potential witnesses it would call at trial. Record Proper, p. 51, Disclosure of Witnesses filed January 3, 1996. Petitioner is not entitled to relief on his claim that he was denied his Sixth Amendment right to compulsory process because he has not shown that the absence of Larkin and Webster rendered his trial fundamentally unfair.

11

## DUE PROCESS: COERCED CONFESSIONS

19. Petitioner asserts that the testimony of two witnesses, Brandon Stewart and Jessica Garcia, was subject to coercive pressure by the state due to the fact that both were on probation at the time of trial. Petitioner contends that neither witness was sanctioned for probation violations, implying that they were rewarded for giving false testimony. As evidence of this, Petitioner offers the assertion that the witnesses' testimony at trial was different from their grand jury testimony and that they met with the prosecutor in the interim. However, Petitioner does not contend and cannot show that Steward and Garcia's testimony was inconsistent with the testimony of other witnesses at trial. Further, only those statements "obtained by government acts, threats, or promises" are inadmissible. United States v. Short, 947 F.2d 1445, 1449-50 (10th Cir.1991) cert. denied, 503 U.S. 989 (1992). While Petitioner has alleged circumstances which might permit government threats or promises, he has not shown any evidence of such threats and is not entitled to relief on this ground.

## DUE PROCESS: GREAT BODILY INJURY CHARGE

20. Petitioner asserts that the trial court erred in allowing the charge of Great Bodily Injury by Vehicle to go to the jury without expert medical testimony. In a related claim, he asserts that insufficient evidence was presented at trial to support his convictions upon that charge. As described in his docketing statement, two witnesses testified as to great bodily harm. Answer, Exhibit C. Brandon Stewart testified that his spine had been fractured and that he had undergone numerous visits to the physical therapist and was still in pain due to the accident. Cristopher Mauthern testified that he was in a coma for several days after the accident and suffered from head injuries, as well as injuries requiring a knee brace and extensive physical therapy.

21. The New Mexico Court of Appeals rejected Plaintiff's contention that expert medical

testimony is required to submit a charge of Great Bodily Injury by Vehicle to a jury. Answer, Exhibit

F, pp. 3-4. In reviewing a sufficiency of the evidence claim in a *habeas* proceeding, a federal court

must " determine 'whether, after viewing the evidence in the light most favorable to the prosecution,

any rational trier of fact could have found the essential elements of the crime beyond a reasonable

doubt.'" Scrivner, 68 F.3d at 1235 (10th Cir. 1995) (quoting Jackson v. Virginia, 443 U.S. 307, 319

(1979)). Further, federal *habeas* court's review of the sufficiency of the evidence is made with

explicit reference to the substantive elements of the criminal offense as defined by state law. Kelly

v. Roberts, 998 F.2d 802, 808 (10th Cir. 1993)(citations omitted).

22. As described by the New Mexico Court of Appeals, in order to convict Petitioner of Great

Bodily Injury by Vehicle, the state was required to prove that Petitioner operated a motor vehicle

recklessly, that he thereby caused great bodily harm, and that the event happened in New Mexico.

"Great bodily harm" under New Mexico law means an injury which creates a high probability of

death or results in serious disfigurement or in loss of any member or organ of the body or in

permanent and prolonged impairment of the use of any member or organ of the body. Answer,

Exhibit F, p. 4. Under New Mexico law, "great bodily harm" does not have to be proved by medical

testimony. Id. (citing State v. Bell, 560 P.2d 925, 925 (N.M. 1977) and State v. Ortega, 422 P.2d

353, 355 (N.M. 1966). Given the testimony by one witness regarding his spinal fracture and physical

therapy and the testimony of another witness regarding his head injury, coma, knee injury and

subsequent physical therapy, Petitioner cannot show that the New Mexico Court of Appeals'

decision was an unreasonable application of the facts. Further, he is not entitled to relief under the

standard for federal *habeas* review given the testimony at trial.

13

**RECOMMENDED DISPOSITION**

That this petition be denied and this matter dismissed with prejudice.

DON J. SVET
UNITED STATES MAGISTRATE JUDGE